UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE:

Steven Paul Meyer and Erin Elizabeth Meyer

    Debtors

Case No. 1:18-bk-11244

Chapter 13

## MOTION FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY IS NOT IN EFFECT

Creditor, Rhode Island Housing and Mortgage Finance Corporation hereby moves pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) for an order confirming that the automatic stay did not come into effect upon the filing of the within Chapter 13 Petition on July 21, 2018.

The within petition is the third Chapter 13 petition that Debtors, Steven Paul Meyer, and Erin Elizabeth Meyer, have filed jointly in the last year. The prior two petitions were both dismissed due to the Debtors' failure to file necessary documents. The details of the three filings are set forth below:

| Case Number | Date Filed | Date Dismissed | Comment |
| --- | --- | --- | --- |
| 1:17-bk-11339 | 08/02/2017 | 09/29/2017 | *See* Ex. 1, Order Dismissing Case for Failure to File Missing Documents, Sept. 29, 2017 |
| 1:18-bk-10357 | 03/06/2018 | 03/27/2018 | *See* Ex. 2, Order Dismissing Case for Failure to File Missing Documents, Mar. 27, 2018 |
| 1:18-bk-11244 | 07/21/2018 | N/A | Pending Case |

As the two prior cases were all pending within one year of the current filing—i.e., the period beginning on July 21, 2017—11 U.S.C. § 362(c)(4)(A)(i) applies. This statute provides:

if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case;

Under § 362(c)(4)(A)(ii), "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."

WHEREFORE, Creditor, Rhode Island Housing and Mortgage Finance Corporation, respectfully requests an order confirming that no stay came into effect upon the filing of the within Chapter 13 petition on July 21, 2018.

### Notice of Time to Respond/Object Pursuant to Local Rule 1005-1

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

CREDITOR,
RHODE ISLAND HOUSING AND
MORTGAGE FINANCE CORPORATION
By Its Attorney,

/s/ Daniel E. Burgoyne
Daniel E. Burgoyne (#7541)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INC.
Ten Weybosset Street, 8th Floor
Providence, RI  02903
401-521-7000  FAX 401-521-1328
dburgoyne@rcfp.com

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the above-captioned Court, and notices of electronic filing were sent to the following persons on **July 24**, **2018**.

- **John Boyajian**   mail@13ritrustee.com, martha@bhrlaw.com
- **Gary L. Donahue**   ustpregion01.pr.ecf@usdoj.gov
- **Michael J. Furtado**   furtadolaw@gmail.com, furtadolaw@cox.net

The within document was also sent, via first class mail, to the following persons:

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

                /s/ Daniel E. Burgoyne

2375-1305
(3338035)